**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KEVIN YOUNG,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 21-CV-1297** |
| | : | |
| **PHILLIP MUCKSAVAGE, M.D.,** *et al.*, | : | |
| **Defendants.** | : | |

**<u>MEMORANDUM</u>**

**SLOMSKY, J.**                                                     **MARCH 19, 2021**

Plaintiff Kevin Young, a resident of Philadelphia, filed this *pro se* civil action against

Phillip Mucksavage, M.D. and Pennsylvania Hospital raising claims based on what appears to be

allegations of medical malpractice.  Young seeks leave to proceed *in forma pauperis*.  For the

reasons set forth below, the Court will grant Young leave to proceed *in forma pauperis* and

dismiss his Complaint.

**I.     FACTUAL ALLEGATIONS**

Young avers that on May 20, 2019 at Pennsylvania Hospital, Dr. Mucksavage performed

an illegal and unnecessary operation on his left kidney that caused him to suffer a stroke.  (ECF

No. 2 at 8-9.)[1]  Young asserts that Mucksavage used "lots of anesthesia" and then "rushed [him]

out of [the] hospital immediately" after he woke up and while his stroke was active.  (*Id.* at 9.)

Young avers that Mucksavage showed him someone else's kidney mass images to cause him to

believe that he had cancer when he did not.  (*Id.*)  Young asserts that Mucksavage performed the

surgery in order to receive insurance money.  (*Id.* at 11.)

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

Young avers that although doctors at Bryn Mawr Rehabilitation Hospital and Lankenau Hospital helped "put [him] back together," he still has left side weakness, vision issues, loss of hearing in his left ear, and difficulty walking. (*Id.* at 9-11.) Young seeks monetary damages in the amount of $90,000. (*Id.* at 12.)

## II.     STANDARD OF REVIEW

The Court will grant Young leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint it if fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Young is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Additionally, when allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff

2

commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

The Court lacks subject matter jurisdiction over Young's medical malpractice claims.[2] The only independent basis for the Court's jurisdiction over state law claims is pursuant to 28 U.S.C. § 1332, which states that a district court can exercise subject-matter jurisdiction over a case a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "A corporation is a citizen both of the state where it is incorporated and of the

---

[2] Young indicates that the basis for his Complaint is a federal question. (ECF No. 2 at 8.) However, the Court's review of Young's Complaint provides no factual basis to support the exercise of federal question jurisdiction over his claims. Young makes no assertion that his constitutional rights were violated by a state actor, nor does his Complaint support any other theory of liability under federal law. Rather, it is clear from the manner in which the Complaint is pled that state law provides the only basis for a cause of action here.

state where it has its principal place of business. . . . And a partnership, as an unincorporated entity, takes on the citizenship of each of its partners." *Zambelli*, 592 F.3d at 419 (citations omitted).  "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

Young asserts that he resides in Philadelphia, Pennsylvania, and he lists his citizenship as "Phila.PA 19151."  (ECF No. 2 at 7, 9.)  Young has noted that each Defendant has a Pennsylvania address, and asserts that the citizenship of both Defendants is "Phila.PA 19107." (*Id.* at 8-9.)  Since the parties are all citizens of Pennsylvania, the Court cannot exercise diversity jurisdiction over Young's medical malpractice claims.  *See Smith v. Albert Einstein Medical Center*, 2009 WL 1674715, *4 (E.D. Pa. 2009) ("Diversity jurisdiction requires complete diversity between the parties." "No single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted).  Accordingly, the Court will dismiss Young's state law claims for lack of jurisdiction without prejudice to Young refiling those claims in an appropriate state court forum.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Young leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice to him refiling his state law claims in state court, where federal jurisdiction will not be an issue.  An appropriate Order follows.

BY THE COURT:

/s/Joel H. Slomsky, J.

**JOEL H. SLOMSKY, J.**